Chief* Justice Robertson
delivered the opinion of the Court,
This is an action of debt, on a bond 'for,<¡money. The only question presented forconsid-„era¿»h, in the record, is, whether the pleas offered, By the defendants below, plaintiffs here, were sufficient to bar the action.
If plea impeach consideration of contract for failure, an entire failure must be averred ; iffor-fraud in contract executed, an offer-to return thing received in reasonable time af-oTfrt ud° must' be alleged sworn^in each case,
Mills, Brown and Hord, for plaintiff;; Cril^^n ami Reid for defendant.
The first plea avers, that the bond was cxecu.ted, in consideration of four hundred and tweuty barrels of apples, which Formsln knew to be unsound, but fraudulently represented to be sound.
The second is in substance the same, with the additional allegation, that Forman represented the apples to be fit for the New-Orleans market, but they rotted on the transportation, to that city, and. thus became useless.
Neither of these pleas are good.
■The first does not shew such a fraud, as would avoid the contract; and as a plea for impeaching the consideration, it is defective fortwo reasons.
1st. It does not shew an entire failure of consideration. •
2d. There was no affidavit of the truth of the plea, and it was for this last objection, that the court refused to suffer it to be filed.
The same objections apply to the second plea. It Is not averred, (as it was in Hardwicke vs. Hard-wicke, IY. Bibb, 569) that the apples were worth nothing, when they were sold and delivered.
Nor is it averred, that within a reasonable time, after the discovery of the alleged fraud, there was an offer to return them. Such an averment would he indispensable in a plea, for rescinding an executed contract, at law, for fraud in the consideration.
Wherefore, as the circuit court rejected both the pleas, its decision is sustained.
If fraud can be shewn, the law will afford adequ redress, in an appropriate mode.
Judgment affirmed.